IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Paul R. HORVATH, Attorney at Law.

Supreme Court

*No. 84–201–D. Filed June 20, 1984.*
(Also reported in 349 N.W.2d 484.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

In this disciplinary proceeding Horvath and the Board of Attorneys Professional Responsibility (Board) stipulated to facts establishing Horvath's unprofessional conduct and agreed that a public reprimand would be appropriate discipline. The referee made findings of fact consistent with that stipulation and concluded that Horvath neglected a legal matter, in violation of SCR 20.32(3), failed to carry out a contract of employment in that matter, in violation of SCR 20.35(1)(b), misrepresented facts to his client in that matter, in violation of SCR 20.04(4), and failed to cooperate with the

Board in its investigation of that matter and another, in violation of SCR 21.03(4) and 22.07(2). The referee recommended that Horvath be publicly reprimanded and ordered to pay the costs of the disciplinary proceeding. Pursuant to our order, the parties filed briefs on the issue of appropriate discipline, each taking the position that the public reprimand recommended by the referee was appropriate under the circumstances of the case. We adopt the referee's findings of fact and conclusions of law, and we accept the recommendation for the imposition of a public reprimand.

Horvath was admitted to practice law in Wisconsin in 1971 and maintains his practice in Appleton. He was retained in April of 1981, to represent a client on a charge of operating a motor vehicle while intoxicated and in a claim against the client's insurer for damages resulting to her automobile from an accident out of which the OMVWI charge arose. The client was found guilty on that charge, and the court required as a condition of her retaining driving privileges that she attend Group Dynamics School.

While attending the third session of those classes, the client was asked to leave because the instructor said he could smell liquor on her breath, although she denied that she had been drinking. She underwent a blood test at a local hospital the same evening, and the test showed no trace of alcohol in her bloodstream. The client gave the results of that test to Horvath.

On January 4, 1982, the circuit court revoked the client's driving privileges for six months because of her failure to attend the prescribed classes. The client then telephoned Horvath, who told her that her driving privileges should not have been revoked because he had appeared in court to contest her expulsion from the class. In fact, Horvath had not appeared in court on her behalf in the matter. Horvath failed to return his client's

subsequent telephone calls, and the court's revocation order was not vacated until August 8, 1982. The referee concluded that Horvath's conduct in this matter constituted neglect of a legal matter, in violation of SCR 20.32 (3), and a failure to carry out a contract of employment, in violation of SCR 20.35 (1) (b).

In May of 1981, Horvath contacted the same client's insurer, who informed him that it was denying coverage for damages incurred in the accident for the reason that the policy was not in effect due to nonpayment of premiums. Horvath did not tell his client of the insurer's position, and he misrepresented to her that he had reached a settlement with the insurer in the amount of $2,200. Horvath then delivered a check to his client in the amount of $1,614.06, drawn on his office account, purported to represent the balance of the "settlement" after deduction of attorney fees and expenses. In fact, the payment was made from Horvath's personal funds, as there had been no settlement effected with the insurer. The referee concluded that Horvath's conduct constituted misrepresentation of facts to a client, in violation of SCR 20.04 (4).

In the course of the Board's investigation of Horvath's conduct, Horvath failed to respond to two letters from the Board within the time specified in those letters, and he did not request an extension of time to answer the inquiries. An attorney representing Horvath later filed a written response with the Board approximately two months following a second letter from the Board requesting information. During the Board's investigation of another grievance involving Horvath, an attorney representing Horvath responded on his behalf approximately one month after the Board sent a third letter requesting information. The referee concluded that Horvath's failure to cooperate in the Board's investigations con-

stituted misconduct, in violation of SCR 21.03 (4) and 22.07 (2).

In making a recommendation for the imposition of a public reprimand for Horvath's misconduct, the referee, the Hon. James A. Martineau, Reserve Judge, explicitly considered Horvath's having taken positive steps to mitigate his conduct by making the payment from his own funds for the damages to her vehicle, his later cooperation with the Board in its investigation, and the fact that Horvath has not been previously disciplined and enjoys a good professional reputation in his community. We agree with the referee that, under the circumstances of this case, a public reprimand is appropriate discipline for Horvath's misconduct.

IT IS ORDERED that Attorney Paul R. Horvath is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that, within 30 days of the date of this order, Paul R. Horvath pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $400, provided that if the costs are not paid within the time specified, the license of Paul R. Horvath to practice law in Wisconsin shall be suspended until further order of the court.