IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Paul R. HORVATH, Attorney at Law.

Supreme Court

*No. 97–2241–D. Filed October 1, 1997.*

(Also reported in 568 N.W.2d 776.)

¶ 1.  PER CURIAM.  We review, pursuant to SCR 21.09(3m),[1] the stipulation of the parties filed with the complaint of the Board of Attorneys Professional Responsibility (Board) alleging that Attorney Paul R. Horvath has engaged in professional misconduct. The parties stipulated that Attorney Horvath's license to practice law be suspended for six months as discipline for that misconduct, which consisted of his failing to comply promptly with a client's reasonable requests for information concerning the status of a collection matter and failing to explain that matter to the client, failing to cooperate in the Board's investigation of the client's grievance and disclose all facts and circumstances regarding it, failing to act with reasonable diligence and promptness on behalf of the client and misrepresenting to the client his having collected funds on its behalf, failing to deposit client funds in a trust account, and failing to maintain a trust account in compliance with SCR 20:1.15(c)(1)b.

¶ 2.  We approve the parties' stipulation and determine that the professional misconduct established by the facts and conclusions set forth in it warrants a six-month license suspension. In addition to the seriousness of that misconduct, this is the third occasion the court has had to discipline Attorney Horvath for professional misconduct.

¶ 3.  Attorney Horvath was admitted to practice law in Wisconsin in 1971 and practices in Appleton. In

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(3m)  The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. . . .

1984, the court publicly reprimanded him for neglecting a client's legal matter, misrepresenting to her that he had reached a settlement on a damage claim and paying her from his own funds, and failing to respond timely to inquiries from the Board regarding his conduct in the matter. *In re Disciplinary Proceedings Against Horvath*, 119 Wis. 2d 265, 349 N.W.2d 484 (1984). In May, 1991, he consented to a public reprimand from the Board for failing to commence a legal action on a client's collection matter for eight months, failing to respond to requests for information concerning the status of that matter by the collection agency that had referred the matter to him, and failing to respond to the Board's inquiries into the matter and provide copies of collection files on which he had been retained.

¶ 4.  The facts to which the parties stipulated in this proceeding are as follows. In December, 1994, an out-of-state insurance company retained Attorney Horvath to collect a judgment it had obtained against a Wisconsin resident. In October, 1995, Attorney Horvath told the insurer's representative that he had collected some $300 from the judgment debtor and expected to receive the remainder within 30 days. Two months later the representative telephoned Attorney Horvath and left a message requesting a report of the status of the matter, but he did not return the call. A month later the representative wrote to Attorney Horvath requesting a status update, but he did not respond.

¶ 5.  In March, 1996, Attorney Horvath told the insurer's attorney that the judgment had been collected in full and that he would send the funds and an accounting that day. When the attorney did not receive either the money or the accounting, he made further

inquiries. Attorney Horvath then sent a copy of a trust account check he claimed to have sent a week after the attorney's telephone call. The check stub on the copy indicated that the total amount collected was $13,638, from which he had deducted $2727.60 as his fee. When the attorney told him the check had not been received, Attorney Horvath said he would stop payment on the original check and send a replacement check by overnight courier, but he did not do so. The insurer's attorney then sent a letter April 12, 1996 demanding prompt payment of the $10,910.40, but Attorney Horvath did not respond. In mid-October, 1996, the insurer filed an action against Attorney Horvath for the funds allegedly collected from the judgment debtor and, when Attorney Horvath did not answer the complaint, obtained a default judgment.

¶ 6.    When the Board asked him for information concerning the grievance that had been filed in respect to that conduct, Attorney Horvath did not respond. He also did not respond to a subsequent letter from the Board reminding him of his duty to cooperate in the investigation and requesting a prompt response to the grievance. Ultimately, Attorney Horvath admitted to the Board that he had lied to the insurer's attorney and representative about having collected on the judgment and that he failed to pursue the matter.

¶ 7.    The parties stipulated that Attorney Horvath's failure to promptly comply with the client's reasonable requests for information violated SCR 20:1.4(a) and his failure to explain the matter to the extent reasonably necessary for the client to make informed decisions regarding his representation violated SCR 20:1.4(b).[2] His failure to act with reasonable

---

[2] SCR 20:1.4 provides:

diligence and promptness violated SCR 20:1.3,[3] and his misrepresentations to the client regarding collection of the judgment constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[4] His failure to cooperate in the investigation violated SCR 21.03(4),[5] and his failure to fully and fairly disclose to the Board all facts and circumstances pertaining to the conduct under investigation violated SCR 22.07(2).[6]

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[3] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .

¶ 8. The records of Attorney Horvath's trust account that the Board had subpoenaed disclosed that the trust account was not one in which interest accruing to it was paid to the Wisconsin Trust Account Foundation, Inc., as required by SCR 20:1.15(c)(1)b.[7] Also, while the checks for that account identified it as the "Paul R. Horvath Trust Account," the statements for the account showed the title to be "Paul R. Horvath, Custodian; Cory S. Horvath, Minor [his daughter]." Attorney Horvath repeatedly deposited client funds into that custodian account, in violation of SCR 20:1.15(a) and (c).[8]

---

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator or committee may make a further investigation before making a recommendation to the board.

[7] SCR 20:1.15(c)(1)b. requires that the interest accruing on a lawyer's trust, net of any transaction costs, be paid to the Wisconsin Trust Account Foundation, Inc.

[8] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**
(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

. . .
(c) Each trust account under this rule shall be an account in any bank, trust company, credit union or savings and loan associa-

¶ 9. As discipline for his misconduct in these matters, we impose a six-month suspension of Attorney Horvath's license to practice law, the discipline to which the parties had stipulated. Under the rules of this court, SCR 22.28(3),[9] Attorney Horvath will be required to demonstrate his fitness to represent others in the legal system in order that his license to do so be reinstated.

¶ 10. IT IS ORDERED that the license of Paul R. Horvath to practice law in Wisconsin is suspended for a period of six months, commencing November 3, 1997.

¶ 11. IT IS FURTHER ORDERED that within 60 days of the date of this order Paul R. Horvath pay to the Board of Attorneys Professional Responsibility any costs of this proceeding that may have been incurred by the Board, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Paul R. Horvath to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 12. IT IS FURTHER ORDERED that Paul R. Horvath comply with the provisions of SCR 22.26 con-

---

tion, selected in the exercise of ordinary prudence, authorized by federal or state law to do business in Wisconsin and insured by the Federal Deposit Insurance Corporation, the National Credit Union Share Insurance Fund, the Wisconsin Credit Union Savings Insurance Corporation, or the Federal Savings and Loan Insurance Corporation. . . .

[9] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(3) An attorney whose license is revoked or suspended for 6 months or more for misconduct or medical incapacity shall not resume practice until the license is reinstated by order of the supreme court. . . .

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.