IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Paul R. HORVATH, Attorney at Law.

Supreme Court

*No. 98–0559–D. Filed June 24, 1998.*

(Also reported in 579 N.W.2d 240.)

¶ 1.   PER CURIAM.   We review the report of the
referee  concluding  that  Attorney  Paul  R.  Horvath

engaged in professional misconduct by giving false information to a client regarding the status of her post-conviction matters, failing to respond to his client's inquiries about the status of the matters, and failing to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee during the investigation of his conduct. The referee recommended that Attorney Horvath's license to practice law be suspended for two years as discipline for that misconduct and that, as a condition of reinstatement of his license, he be required to provide a detailed accounting of the work he performed for the client in the post-conviction matters and proof that he has refunded to her any portion of the retainer she had paid that he did not earn.

¶ 2.  We determine that the referee's conclusions regarding Attorney Horvath's professional misconduct were properly drawn from the facts alleged in the Board's complaint, to which Attorney Horvath made no response. We also determine that the discipline and reinstatement condition recommended by the referee are appropriate under the circumstances. By his misconduct established in this proceeding and in three prior proceedings, Attorney Horvath has demonstrated his inability to render competent legal representation and an unwillingness to meet his professional responsibilities to the court and its disciplinary authorities.

¶ 3.  Attorney Horvath was admitted to practice law in 1971 and practices in Appleton. His license to practice law has not been reinstated following the six-month suspension the court imposed, effective November 3, 1997, for his failure to comply promptly with a client's request for information in a collection matter, failure to act with reasonable diligence and prompt-

ness on a client's behalf, misrepresentation to a client that he had collected funds on the client's behalf, and failing to deposit client funds in a trust account and maintain a client trust account pursuant to the court's rules. *Disciplinary Proceedings Against Horvath*, 212 Wis. 2d 678, 568 N.W.2d 776 (1997). Prior to that suspension, Attorney Horvath was disciplined twice: in 1984, the court publicly reprimanded him for neglecting a client's legal matter, misrepresenting to the client that he had reached a settlement on a damage claim and paying her the purported settlement from his own funds, and failing to respond timely to inquiries from the Board investigating the matter. *Disciplinary Proceedings Against Horvath*, 119 Wis. 2d 265, 349 N.W.2d 484. In 1991, he consented to a public reprimand from the Board for failing to commence a legal action on a client's collection matter for eight months, failing to respond to requests for information concerning the status of that matter by the collection agency that had referred it to him, and failing to respond to the Board's inquiries into the matter. When Attorney Horvath did not file an answer or otherwise appear in the instant proceeding after being personally served with the Board's complaint, the referee, Attorney John Schweitzer, granted the Board's motion for default judgment and made the following findings of fact as alleged in the complaint.

¶ 4. Attorney Horvath was retained in March, 1996 by a client seeking post-conviction relief in two criminal cases in which she had been sentenced in June, 1995 and imprisoned. Attorney Horvath was given a $1000 retainer for his services. After receiving pertinent material from the client regarding her convictions, Attorney Horvath told her she had a court date of May 10, 1996, but in fact nothing relating to

that client had been scheduled for that date, as Attorney Horvath had not filed anything on her behalf. At some point during the week of the purported court date, Attorney Horvath told the client that her post-conviction motion had been denied and her court date canceled. He said he would file another motion for relief and would contact her.

¶ 5. Attorney Horvath did file a motion for sentence modification May 23, 1996, but that motion was denied on the ground that it did not contain any specific allegation that the court failed to exercise its discretion properly or that a new factor existed to justify consideration of the sentence. Attorney Horvath did not tell his client that the motion was denied but subsequently informed her that she had a new court date of July 25, 1996, but no such date had been scheduled. He also discussed that purported court date with the client's mother, with her sister, and with her friend.

¶ 6. After receiving information from federal authorities that his client had cooperated in the successful prosecution of a large-scale drug conspiracy, Attorney Horvath told his client that he was canceling the July 25 court date and would obtain another date. In a subsequent telephone call from his client, he told her she had a new court date of August 20, 1996 and later confirmed that date with the client's friend, who wanted to attend the hearing. When the friend appeared at the courthouse on the purported hearing date, he discovered that there was no hearing scheduled. When he telephoned Attorney Horvath for an explanation, he was told that the hearing had been canceled.

¶ 7. After she and her family learned from the court that no post-sentencing hearing ever had been scheduled and that the only action taken by the court

was its order denying the sentence modification motion, the client wrote Attorney Horvath for a status report, but he did not respond. Attorney Horvath made another misrepresentation as to a purported hearing scheduled in the client's matters, and when the client telephoned him with information that there was no hearing scheduled on that date, Attorney Horvath told her the judge was reviewing her file "informally." That telephone conversation, which occurred October 9, 1996, was the last contact the client had with Attorney Horvath. Her subsequent calls and letters went unanswered.

¶ 8. During the Board's investigation of his conduct in this matter, Attorney Horvath did not respond to two written requests for information regarding the client's grievance. He did attend an interview with the investigator assigned by the district professional responsibility committee to pursue the matter, but he did not produce telephone records he twice was asked for.

¶ 9. On the basis of those facts, the referee concluded as follows. By repeatedly providing false information regarding the status of his client's cases to her, to her family, and to her friend, Attorney Horvath engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[1] His failure to provide accurate information to his client regarding the status of her sentence modification matters constituted a failure to keep his client reasonably

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

informed of the status of her legal matter, in violation of SCR 20:1.4(a).[2] By not responding to the client's inquiries after October 9, 1996, Attorney Horvath failed to promptly comply with reasonable requests from a client for information, in violation of SCR 20:1.4(a). His failure to submit a written response to two investigative letters from the Board and to respond to two requests for information from the district committee investigator constituted a failure to cooperate with the Board's investigation, in violation of SCR 21.03(4)[3] and 22.07.[4]

---

[2] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.
(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any

¶ 10. As discipline for that professional misconduct, the referee recommended that Attorney Horvath's license to practice law be suspended for two years. He also recommended that the court require as a condition of reinstatement of his license that Attorney Horvath provide a detailed accounting of the work he did for this client and proof that he has returned to her any portion of the $1000 retainer he did not earn. In addition, the referee recommended that Attorney Horvath be required to pay the costs of this disciplinary proceeding.

¶ 11. We adopt the referee's findings of fact and conclusions of law and determine that the two-year license suspension recommended as discipline for Attorney Horvath's professional misconduct established in this proceeding is warranted. We also will require as a condition of reinstatement of his license, that Attorney Horvath provide the accounting and proof of refund of retainer to his client that the referee has recommended.

¶ 12. IT IS ORDERED that the license of Paul R. Horvath to practice law in Wisconsin is suspended for a period of two years, consecutive to the six-month license suspension imposed effective November 3, 1997.

¶ 13. IT IS FURTHER ORDERED that, as a condition of reinstatement, Attorney Paul R. Horvath provide a detailed accounting of the services he rendered on behalf of his client in the matter addressed in this proceeding and proof that he has refunded to that cli-

---

information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

ent any unearned portion of the retainer he received for his services.

¶ 14.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Paul R. Horvath pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Paul R. Horvath to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15.   IT IS FURTHER ORDERED that Paul R. Horvath comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.